[640 NYS2d 806]

In the Matter of JOHN J. GARZON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 8, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Freeman, Nooter & Ginsberg,* New York City *(Louis M. Freeman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with six allegations of professional misconduct, emanating from the mishandling of his escrow account. The Special Referee sustained all six charges. The Grievance Committee moves to confirm the Special Referee's report. The respondent has requested that the Special Referee's findings be confirmed but that the mildest of sanctions be imposed due to the minor nature of the specifications and the presence of substantial mitigation.

This matter originated not from any client's allegations of professional misconduct but, rather, from a notification by the Lawyers' Fund for Client Protection that a $600 check drawn on an escrow account maintained by the respondent was returned due to insufficient funds. The Grievance Committee thereupon commenced a *sua sponte* investigation and directed the respondent to submit a detailed explanation for the deficiency in his escrow account, as well as his account records for six months preceding the commencement of this investigation. The respondent attributed the return of the check to an accounting error which caused him to believe that the requisite funds were in the escrow account. The actual deficiency was $227. The dishonored check was subsequently replaced and all disbursements concerning this transaction were finalized. The respondent further stated that he had permitted legal fees to remain on deposit in his escrow account, had mistakenly deposited personal funds in that account, and had drawn checks and cash for personal expenses against those funds.

The allegations contained in the petition include conversion (two counts), commingling, failing to maintain and produce required bookkeeping records, drawing checks on the escrow account to "cash", and making cash withdrawals therefrom.

Based on the respondent's admissions and his request that the report of the Special Referee be confirmed, the charges of professional misconduct were properly sustained. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the character evidence submitted by the respondent, the fact that he has since reorganized the management of his escrow account and limits it to clients' funds, exclusive of legal fees, the respondent's complete cooperation with the Grievance Committee, and the fact that his misconduct did not inure to the financial detriment of any clients. Under the circumstances, the respondent is censured.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John J. Garzon, is hereby censured.